

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H.A. Turner, Secretary
Board of Regents
State Teachers Colleges
Box 756
Austin, Texas

Dear Sir:

Opinion No. 0-3000
Re: What insurance, if any, may State
Teachers Colleges carry by authori-
zation of the Board of Regents and
pay the premium out of the local
funds of the colleges?

Your recent request for an opinion of this department
upon the questions as are herein stated has been received. We
quote from your letter as follows:

"The Board of Regents of the State Teachers
Colleges have asked myself, as their Secretary, to
procure from you a ruling on the matter of insur-
ance that may be carried for the protection of
the interests of the respective State Teacher
Colleges.

"Please favor us with a ruling as to what in-
surance if any, the Colleges may carry, on authori-
zation of the Board, the premiums on which might
be paid out of the local funds of the colleges?

"Please cover the following insurance:

"Surety Bonds or Fidelity insurance on those
of the institutions handling its funds.

"Burglary, Theft and Hold-up Insurance of the
college funds in the hands of the Business Manager
or messenger to Bank.

"Fire Insurance on non-fireproof buildings.

"Boiler Inspection and Insurance on boilers
other than those in PWA projects."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H.A. Turner, Page 2

House Bill No. 255, 46 Legislature 1939, regarding appropriation for institutions of higher learning reads in part as follows:

"Section 1(a). That all balances in the institutional funds of the several State institutions named in this Act, at the close of the fiscal year ending August 31, 1939, including balances in their revolving funds at that time, and the entire income to said funds during each of the two fiscal years ending August 31, 1940, and August 31, 1941, which are not otherwise appropriated for either or both of said fiscal years are hereby appropriated for the support, maintenance, operation, and improvement of said State institutions during each of the said fiscal years, respectively.

"....

"The expenditure of the appropriations herein made and authorized whether from the State General Revenue Fund, local institutional funds or any other receipts and funds whatsoever, except bequests and gifts, shall be subject to the following provisions"

"....

"Subsection (4) Local Depositories. The governing board of the respective institutions for which appropriations are made in this Act are hereby authorized to select depository banks for the safe-keeping of local funds collected by said institutions. The boards shall require said depository banks to furnish adequate surety bonds for the assurance of safety of such deposits...."

Article 2654d, Vernon's Annotated Civil Statutes, provides that the various institutions named therein, which includes the State Teachers Colleges, "may retain control respectively of the following sums of money collected at each of said several institutions in carrying out the functions of an educational institution, such as funds collected from student fees of all kinds; charges for use of rooms and dormitories; receipts from meals, cafes and cafeterias; fees on deposit refundable to students under certain conditions; receipts from

Honorable H.A. Turner, Page 3

school athletic activities; income from student publications or other student activities; receipts from sale of publication products and miscellaneous supplies and equipment; students' voluntary deposits of money with said schools for safe keeping; all other fees and local institutional income of a strictly local nature arising out of and by virtue of the educational activities, or research or demonstration carried on by each and all of said several schools." This statute further provides that "this law shall be subordinate and subservient to the biennial appropriation bills for the support of the several institutions herein mentioned."

By virtue of the above quoted portion of Subsection 4, it is the duty of the depository bank or banks so selected to furnish adequate surety bonds for the assurance of the safety of such deposits. Therefore, the various institutions above mentioned are not authorized to pay the premiums on such surety bonds.

After carefully examining House Bill No. 855, supra, we have not found any specific appropriation for the payment of premiums on surety bonds or fidelity insurance for the employees of the various institutions handling their funds; the same can be said with reference to burglary, theft and hold-up insurance for the college manager who has the funds in his care, or "messenger" carrying said funds to the bank. However, we believe that if the board deems it necessary that the funds in the hands of the officer or employee be protected by bond or insurance the premiums on such may be paid out of the local funds, unless there is some statute requiring the particular employee to furnish bond and such statute does not provide for the premiums thereon to be paid by the State. In the latter case, the expense of furnishing the bond must be borne by the employee required by law to give it.

This department has repeatedly held that no insurance policies shall be taken out upon any of the public buildings of this State, nor upon the contents thereof. The reason for this holding is stated in our Opinion Nos. 0-184 and 0-201, copies of which are enclosed for your information. Therefore,

Honorable H.A. Turner, Page 4

you are advised that the premiums for fire insurance, or boiler insurance cannot be paid out of the local college funds or any other funds of the colleges.

With reference to costs incident to the inspection of boilers, it is our opinion that the same may be paid by the various colleges. In this connection we direct your attention to our Opinions Nos. 0-1100, 0-1168 and 0-2946, copies of these opinions are enclosed for your information.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

ENCLOSURE

APPROVED FEB 6, 1941

Gerald C. Mann


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN